## Robert H. Pugh, for use, etc:,

### v.

## The Merchants Bank of Canada.

*Banks—Depositors—Account—Alleged Error in.*

Upon suit brought by a former depositor against a bank to recover a certain amount alleged to have been wrongfully charged to him by it, this court declines, in view of the evidence, to disturb the verdict for the defendant.

[Opinion filed July 2, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Rich & Stone, for appellant.

Mr. Eli B. Felsenthal, for appellee.

Gary, J. The appellees did a banking business in Winnipeg, and the appellant deposited with them. His account was a small one. March 20, 1883, the appellees charged him with a note due, $400.25, and a check, $400. He says the check was given by him, for the note, to the manager of the bank, on the afternoon of March 19th. The manager denies it.

The check was burned up after it was returned to the appellant when his account was written up. If it could have been produced the bank officers would have had upon the check itself indications showing whether the paying teller gave currency for it, or the note teller received it in payment of a note. The paying teller says his books show that it was paid in currency though he remembers nothing of the transaction.

June 18th, the appellant asked how much he had to his credit, says another officer, and being told $8, drew $7, saying he did not wish to close the account. This was the last business between the parties. In the spring following, here in

Chicago, says the appellant, he was going over his books and vouchers, and then found that both note and check had been charged to him. The jury did not believe his story, and that ends that controversy.

As to the balance of one dollar, when the appellant shall have, or cause to be presented to the counter of the bank a check for it, if they will not pay it, he will have an action for it, but not until then. Morse on Banking, 41. There is no error and the judgment is affirmed.

The irregularity in permitting a witness to be examined orally after his deposition had been read by the same party, can in this case have done no harm.

*Judgment affirmed.*